UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK R. WHITE, et al.,<br><br>Defendants. | Case No. 20-cv-01053-EMC<br><br>**ORDER DENYING PLAINTIFFS' REQUEST FOR ENTRY OF FINAL JUDGMENT**<br><br>Docket No. 87 |

Plaintiffs have sued two defendants: (1) Clark R. White dba Integrated Surfaces (hereinafter the "individual defendant") and (2) Integrated Surfaces Flooring, Inc. (hereinafter the "corporate defendant"). In August 2023, the Court granted Plaintiffs' motion for default judgment as to the individual defendant but denied the motion (without prejudice) as to the corporate defendant. *See* Docket No. 73 (order). As to the individual defendant, the Court ordered that he provide contribution reports for the period sought by Plaintiffs (October 2016-October 2019) or, alternatively, submit to an audit. The Court further ordered that the individual defendant pay Plaintiffs' attorneys' fees and costs totaling $16,046.12. *See* Docket No. 73 (order). Plaintiffs now move for an entry of a final judgment as to the individual defendant. *See also* Supp. Mendoza Decl. ¶ 3.

The issue before the Court is whether entry of a final judgment against the individual defendant only is appropriate given that Plaintiffs still seek to proceed (for now) with the case against the corporate defendant. This issue is governed by Federal Rule of Civil Procedure 54(b).[1]

---

[1] Plaintiffs refer to the ability of courts to order separate trials under Federal Rule of Civil Procedure 42(b). However, separate trials does not mean separate final judgments. *See also*

1   Rule 54(b) provides that,

> [w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Supreme Court has instructed that,

> in deciding whether there are no just reasons to delay . . . , a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to ensure that application of the Rule effectively "preserves the history federal policy against piecemeal appeals."

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *see also id.* at 10, 12 (indicating that a court should consider the "interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units"; also indicating that a court may consider the as part of the equities the solvency of the defendant – if the defendant's "financial position were such that a delay in entry of judgment on [plaintiff's] claims would impair [plaintiff's]\ ability to collect on the judgment, that would weigh in favor of [Rule 54(b)] certification").

Here, Plaintiffs have argued that the equities weigh in favor of an entry of a final judgment against the individual defendant now. They have provided evidence of an income and expense declaration that the individual defendant filed in divorce proceedings in state court in June 2021. That declaration indicates that the individual defendant's income comes from Social Security and that his assets are limited. *See* Supp. Mendoza Decl., Ex. B (income and expense declaration). In other words, it is possible that the individual defendant is insolvent which would weigh in favor of entry of a final judgment against him now.

However, Plaintiffs have not sufficiently addressed the factor of judicial administrative interests – *i.e.*, what is the relationship between the claims brought against the individual

---

Moore's Fed. Prac. – Civ. § 54.29 (noting that severance under Rule 21 creates separate actions in contrast to separate trials under Rule 42(b)).

defendant and the claims brought against the corporate defendant, and would entry of a final judgment against the former only give rise to the prospect of piecemeal appeals? *See, e.g.*, *Wood v. GCC Bend, LLC*, 422 F.3d 873, 883 (9th Cir. 2005) ("As this is a routine case, the facts on all claims and issues entirely overlap, and successive appeals are essentially inevitable, we conclude that Wood's Rule 54(b) request was improvidently granted."). Plaintiffs argue that their continued pursuit of their claims against the corporate defendant "will not change the liability against [the individual defendant] that has already been [o]rdered by this Court. Therefore, there is no risk of conflicting orders, inconsistent judgments, or prejudice by the Court now issuing a judgment against [the individual defendant] for the attorneys' fees and costs totaling $16,046.12 . . . ." Supp. Mendoza Decl. ¶ 11. But Plaintiffs ignore that they intend to ask for a monetary judgment against the individual defendant should the audit as to him reveal unpaid contributions, *see* Supp. Mendoza Decl. ¶ 3, and Plaintiffs seem to be pursuing an audit against the corporate defendant as well, presumably for any unpaid contributions during the same period. *See* Supp. Mendoza Decl. ¶ 6.

The Court also concerns about a piecemeal approach to litigation because, if it were to enter a final judgment as to the individual defendant only and then the audit were to reveal unpaid contributions, Plaintiffs would then have to move to seek relief from the final judgment under Rule 59 and/or Rule 60. It is also worth noting that Plaintiffs expect their audit of the corporate defendant to be completed in 90-120 days. *See* Supp. Mendoza Decl. ¶ 6. Thus, in just a few months, Plaintiffs should be in a position to "complete their assessment as to whether to continue to pursue the corporate Defendant as a successor." Supp. Mendoza Decl. ¶ 6.

Finally, the Court notes that, even if the individual defendant is insolvent, the equities do not weigh strongly in Plaintiffs' favor. The income and expense declaration that the individual defendant filed in state court has been available since June 2021. The Court granted the motion for default judgment as to the individual defendant in August 2023. *See* Docket No. 73 (order). Plaintiffs have not explained why they have delayed for more than a year in seeking relief from the Court.

Accordingly, the Court denies Plaintiffs' request for entry of final judgment as to the

3

individual defendant pursuant to Rule 54(b). The denial is without prejudice, but, if Plaintiffs intend to move again, they will need to address the *Curtiss-Wright* factors more fulsomely, particularly the factor of judicial administrative interests.

This order disposes of Docket No. 87.

**IT IS SO ORDERED**.

Dated: October 22, 2024

_____
EDWARD M. CHEN
United States District Judge